(May 23, 1902.)

## CHILDS v. SHARAI.

[69 Pac. 111.]

RIGHT OF WAY FOR DITCH—SETTLER ON PUBLIC LAND.—Where a citizen settles upon a part of the unsurveyed public land of the United States, and has peaceable possession thereof, and constructs a ditch across the same, he secures the right of way therefor, although such land, when surveyed, is found to be within the grant to the Northern Pacific Railroad Company.

TITLE TO RIGHT OF WAY.—The purchaser of land from a railway company does not thereby acquire title to a ditch which was constructed prior to the survey of such land.

(Syllabus by the court.)

APPEAL from District Court, Kootenai County.

Charles E. Heitman, for Appellant.

The right to sue upon a claim based upon statutory provisions which constitute title must be affirmatively shown by the party relying on it, and must show all the steps taken in perfecting such title, and every material fact must be pleaded as well as proven. (*Wright v. Whitesides,* 15 Cal. 47; *Sweetland v. Froe,* 6 Cal. 144; *Hicks v. Whiteside,* 23 Cal. 405.) "One deraigning title to property through a corporation must prove the legal existence of the corporation. The recitals in deeds that the grantor was a corporation do not prove such corporate existence as against one claiming the property through another source of title." (*Sonoma County Water Co. v. Lunch,* 50 Cal. 503.) The evidence of five witnesses are against the finding that defendant did not use the ditch since 1898, and that he had abandoned all right or title thereto, while one witness only—the plaintiff—testified that the defendant had not used it since 1898, and plaintiff testified that defendant worked on and claimed the ditch in 1901. The burden is on plaintiff to show abandonment. (*Beaver etc. Canal Co. v. Reservoir Co.,* 6 Colo. App. 130, 40 Pac. 1066; *Utt v. Frey,* 106 Cal. 392, 39 Pac. 807.) There is no proof in the case at bar that plaintiff ever used the

water by virtue of his alleged water right through the ditch
in question. He claims in his notice of location of water right
to intend to use the water for irrigating the agricultural lands
in section 35, to supply the inhabitants of the town of Hope
with water for domestic purposes, and to furnish power for
a mill to be erected on section 35. There is no evidence that
he used the water for any of these purposes. There was no
actual appropriation of the water and no use of the water right
or of the ditch by the plaintiff shown in evidence. Plaintiff had
not appropriated the water. (*Low v. Rizor,* 25 Or. 551, 37
Pac. 82; *Nevada Ditch Co. v. Bennett,* 30 Or. 59, 60 Am. St.
Rep. 777, 45 Pac. 472; *Fort Morgan etc. Co. v. Ditch Co.,* 18
Colo. 4, 36 Am. St. Rep. 259, 30 Pac. 1032.) In an action to
quiet title the burden rests upon the plaintiff to show title in
himself, and if he fails to make out a case, he is not entitled
to recovery. (*Winter v. McMillen,* 87 Cal. 256; 22 Am. St.
Rep. 243, 25 Pac. 407; *Martin v. Lloyd,* 94 Cal. 195, 29 Pac.
491.) In a suit to quiet title plaintiff must establish the
validity of his own title, as well as the invalidity of that of his
opponent. (*Shelton Logging Co. v. Gosser,* 26 Wash. 126, 66
Pac. 151.) One may own a ditch without owning a water
right, and *vice versa,* and one may own a ditch and land inde-
pendent of a water right. (*Stocker v. Kirtley,* 6 Idaho, 795, 59
Pac. 891; *Ada County Farmers' Irr. Co. v. Farmers' Canal Co.,*
5 Idaho, 793, 51 Pac. 990; *Welch v. Garrett,* 5 Idaho, 639, 51
Pac. 405; *Sloan v. Glancy,* 19 Mont. 70, 47 Pac. 334.) The de-
fendant located his water right and constructed his ditch, and
actually appropriated and used the said water right and said
ditch when the land upon which the same was situated was un-
surveyed public land of the United States and occupied by
himself alone. (U. S. Rev. Stats., secs. 2339, 2340.) This
statute has uniformly been construed in favor of one having
a vested right to the use of water for mining, agricultural,
manufacturing or other purposes. (*Drake v. Earhart,* 2 Idaho,
750, 23 Pac. 541; *Hillman v. Hardwick,* 3 Idaho, 255, 28 Pac.
438; *Jones v. Adams,* 19 Nev. 78, 3 Am. St. Rep. 788, 6 Pac.
442; *Ramelli v. Irish,* 96 Cal. 214, 31 Pac. 41; *Judkins v. El-
liott* (Cal.), 12 Pac. 116; *Geddis v. Parrish* 1 Wash. 587,

21 Pac. 314; *Hill v. Lenormand* (Ariz.), 16 Pac. 266; *Jacob v. Lorenz*, 98 Cal. 332, 33 Pac. 119.) The law is now settled that where there has been an actual appropriation of water, a right to it is acquired without following the course laid down in the code. (*Watterson v. Saldunbehere*, 101 Cal. 107, 35 Pac. 432; *Burrows v. Burrows*, 82 Cal. 564, 23 Pac. 146; *De Necochea v. Curtis*, 80 Cal. 397, 20 Pac. 563, 22 Pac. 198; *Murray v. Tingly*, 20 Mont. 260, 50 Pac. 723; *Nevada Ditch Co. v. Bennett*, 30 Or. 59, 45 Pac. 472, 60 Am. St. Rep. 777-817, with elaborate note; *Ada County Farmers' Irr. Co. v. Farmers' Canal Co., supra.*) The right to divert and appropriate the unappropriated waters of any natural stream to beneficial uses shall never be denied. Priority of appropriation shall give the better right as between those using water. (Idaho Const., art. 15, sec. 3.)

Edwin McBee, for Respondent.

The Northern Pacific Railroad Company derived title to the same land in 1864 from the same source, and that the claim of the railroad company and the claim of the plaintiff merged when the plaintiff purchased said land and received a deed therefor from the railroad company. The defendant has never claimed adversely to the grant to the railroad company, nor could he do so successfully. (*Van Wyck v. Knevals*, 106 U. S. 364, 1 Sup. Ct. Rep. 336.) No right was acquired by the notice posted by the defendant and appellant on the 10th of September, 1895, and above referred to and under which he claims. (Barrington and Adams on Mines and Mining, c. 20, p. 637 et seq.)

SULLIVAN, J.—This action was brought to quiet the title in respondent, who was plaintiff in the court below, to a certain water right from Strong creek, Kootenai county, and a ditch through which said water was conducted to the point of use. Said ditch extends across the east one-half of the northeast one-quarter of section 35, township 57 north, of range 1 east, Boise meridian. It is alleged in the complaint that the respondent located on the northeast one-quarter of said sec-

tion 35 in the year 1890, which land was then believed to be unsurveyed public land of the United States, and filed a possessory claim on said land under the laws of the state of Idaho; that appellant in 1895 wrongfully entered upon and took possession of the east one-half of said one hundred and sixty acre tract, and proceeded to improve the same by building thereon a house and other buildings, planting an orchard and vineyard, and constructing the ditch described in the complaint upon and across said land, through which ditch he used the water of Strong creek to irrigate his said orchard and vineyard; that at the time the improvements and ditch were put on said land the appellant was claiming said land as a squatter on the public domain; that in 1897 it was ascertained that said described land was part of an odd-numbered section which had been granted by act of Congress to the Northern Pacific Railroad Company, and that neither respondent nor appellant had any legal right thereto; that thereafter respondent purchased said land from the railway company, and after said purchase appellant consented to remove his improvements and orchard and vineyard from said land, which he did. It is then alleged that thereafter appellant made no use of said ditch and water from said creek, and wholly forfeited and abandoned the same, and that respondent located water from said creek on the first day of August, 1900, and sets up title to said ditch by reason of his owning the land. The answer denies the material allegations of the complaint, and, by way of affirmative matter, sets up settlement by appellant upon said eighty acre tract in 1895, and its improvement by him, and in that year his appropriation of water from said Strong creek, and the construction of said ditch at a cost of about $800, and the use of water through said ditch for irrigating said orchard and vineyard, and asks to have the rights of the parties determined and adjudicated. Judgment was entered in favor of respondent. A new trial was denied, and the appeal is from the judgment and order denying a new trial.

It appears from the record that the land across which said ditch was constructed was a part of the unsurveyed public domain of the United States, and that the government survey

was not extended over the same until after the year 1897—two years after said ditch was constructed; that, after the survey of said land so claimed by respondent and appellant, it fell within an odd-numbered section, and for that reason was included within the grant of the United States to the Northern Pacific Railroad Company. The record shows that respondent thereafter purchased said one hundred and sixty acres of land of the railway company, on July 25, 1898. It also appears that the appellant moved onto the land over which he constructed said ditch in the fall of 1895. He had purchased the possessory right of one John Rivers thereto. Rivers filed his said possessory claim under the laws of this state on July 27, 1893, Rivers had erected on said land a cabin, and cleared about two acres of timber, prior to his sale to appellant. Appellant fenced forty acres, and cleared of brush and grubbed some four or five acres, put out strawberries, raspberries, grapes, and apple, pear, and peach trees, and constructed said ditch at a cost of $800, and resided on said land from 1895 to 1898, and began irrigating said land in 1896. There was a dispute between respondent and appellant as to the right to the possession of said land, both claiming that it was open to settlement as a part of the public domain. After the government survey was extended over the same, it was learned that it came within the grant to the Northern Pacific Railroad Company; and thereupon respondent purchased said land of the Northern Pacific Railway Company, successor in interest thereto of the Northern Pacific Railroad Company. He purchased with notice that appellant had constructed said ditch, and was claiming the right of way therefor over said land, and it was constructed by appellant while he had peaceable possession of said land, and claiming the right to possession thereto, and before it was segregated from the public domain further than by a squatter's right; appellant being the squatter and in possession thereof.

Under the facts of this case, we are clearly of the opinion that appellant acquired a right of way for said ditch across said land. It is alleged in the complaint that appellant forfeited and abandoned said ditch and water right, but those

allegations are not supported by the evidence. After it was ascertained that said land came within the grant to the railroad company, and respondent had purchased it from the company, appellant removed his improvements, buildings, orchards, fruit trees, etc., to an adjoining tract of land, and intends to extend said ditch to said tract for irrigation purposes. When asked on cross-examination of the use he proposed to make of said ditch, respondent replied that he wanted his land free from any claims or easements from appellant; did not want appellant to come on said land. He said: "I don't intend to use said ditch. I intend to build a flume there."

Several errors are assigned as to the admission of. certain evidence, all of which we have considered; and, from the views above expressed, it is not necessary for us to pass upon each separately, as appellant's right to have his title to said ditch and 'right of way quieted is based upon his having constructed said ditch over the public domain while he was in the quiet and peaceable possession thereof, and under those facts the right of way is granted under the statutes of the United States.

It follows that the court erred in entering judgment in favor of respondent. The judgment is reversed, and the cause remanded for further proceedings in accordance with the views expressed herein. Costs are awarded to appellant.

Quarles, C. J., and Stockslager, J., concur.